1  Jeremy S. Goldman (SBN 306943)
   jgoldman@fkks.com
2  Camilla Y. Chan (SBN 241674)
   cchan@fkks.com
3  FRANKFURT KURNIT KLEIN + SELZ PC
   2029 Century Park East, Suite 2500N
4  Los Angeles, California 90067
   Telephone:  (310) 579-9600
5  Facsimile:   (310) 579-9650

6  Attorneys for Plaintiffs
   LIGHT & WONDER, INC. & SCIPLAY
7  GAMES, LLC

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 LIGHT & WONDER, INC; SCIPLAY GAMES, LLC, | Case No. 3:25-cv-5821 |
| 13       Plaintiffs, | **COMPLAINT FOR:** |
| 14       v. | **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| 15 BEIJING BETA TECHNOLOGY CO., LTD.; HONG KONG | **2. FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §§ 1114, 1116, 1117)** |
| 16 FOTOABLE TECHNOLOGY LIMITED; REIN TECHNOLOGY | |
| 17 LIMITED; and DOES 1-25, | **3. FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING (15 U.S.C. § 1125(a))** |
| 18       Defendants. | |
| 19 | |
| 20 | **4. CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.)** |
| 21 | |
| 22 | **5. CALIFORNIA FALSE ADVERTISING (CAL. BUS. & PROF. CODE §§ 17500, ET SEQ.)** |
| 23 | |
| 24 | **6. IMPOSITION OF CONSTRUCTIVE TRUST** |
| 25 | |
| 26 | **7. ACCOUNTING** |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | |

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

## INTRODUCTION

1.      Light & Wonder, Inc.,[1] the leading cross-platform global games company, brings this action to stop Defendants' brazen and ongoing misappropriation of LNW's intellectual property and to hold them accountable for a calculated campaign of deception, unfair competition, and exploitation of LNW's creativity and reputation.  Operating under the "Betta Games" brand, Defendants have systematically copied LNW's copyright-protected game footage and signature characters and trademarked titles to produce hundreds of infringing and misleading advertisements.  Defendants widely disseminated these ads across Meta, Tik Tok, and other digital platforms to deceive consumers into downloading their knockoff mobile apps *Jackpotland-Vegas Casino Slots* and *Jackpotland: Casino Slots* (together, "**_Jackpotland_**").

2.      Defendants design their ads to confuse consumers into believing they are downloading an app that will let them play LNW's acclaimed games, including *Huff N' Puff*, *Invaders from the Planet Moolah*, *Fire Link*, *Quick Hit* and *Rich Little Piggies*.  In reality, Defendants' ads misdirect consumers to Defendants' unrelated and unaffiliated product.  Once installed, Defendants monetize *Jackpotland* through in-app purchases and by serving third-party advertisements.

3.      Betta Games is not a small or unsophisticated actor.  It is a major commercial enterprise with a track record of producing high-grossing mobile games.  In 2021, Betta Games reportedly sold one of its studios for $525 million.  It knows the rules.  Yet, upon information and belief, Defendants have generated millions of dollars through a deceptive and infringing ad campaign that deliberately targets LNW's audience to drive downloads and maximize profits.

---

[1] Except as otherwise stated, "**LNW**" shall refer collectively to Plaintiff Light & Wonder, Inc., its subsidiary Plaintiff SciPlay Games, LLC ("**SciPlay**"), and each of their predecessors in interest.

1    4.    LNW has spent more than fifty years building one of the most

2  recognizable portfolios of physical and digital casino games in the world.  Its games

3  are protected by registered copyrights and trademarks, and their success is the result

4  of significant creative and financial investment.  Defendants' theft of LNW's

5  intellectual property, their misrepresentations to the public, and their wrongful

6  commercial exploitation violate federal copyright and trademark law, as well as

7  state statutory and common law prohibitions on false advertising and unfair

8  competition.

9    5.    LNW brings this lawsuit to enjoin further infringement and

10  misappropriation, to correct the false and misleading impression Defendants have

11  created, and to recover damages, ill-gotten gains, and other equitable relief,

12  including an injunction, the imposition of a constructive trust and an accounting.

13  Defendants' conduct is brazen, ongoing, and unlawful, and must be stopped.

14  **PARTIES**

15    6.    Plaintiff Light & Wonder, Inc. is a corporation organized under the

16  laws of the State of Nevada with its principal place of business in Las Vegas,

17  Nevada.

18    7.    Plaintiff SciPlay Games, LLC is a limited liability company organized

19  under the laws of the State of Nevada with its principal place of business in Las

20  Vegas, Nevada.  It is a subsidiary of LNW and is a leading developer and publisher

21  of digital games on mobile and web platforms, including *Jackpot Party*, *Quick Hit*,

22  and *Dancing Drums*, which use LNW's intellectual property.

23    8.    Upon information and belief, Defendant Beijing Beta Technology Co.,

24  Ltd. ("**Beta Technology**"), formerly known as Beijing Fotoable Technology

25  Limited, is a private limited company organized under the laws of the People's

26  Republic of China, with its principal place of business in Beijing, China.  The Betta

27  Games website (www.bettagames.com) identifies Beta Technology as the company

28

behind *Jackpotland* and Betta Games.  Meta identifies Beta Technology as the party responsible for the infringing ads at issue in this case.

9.      Upon information and belief, Defendant Hong Kong Fotoable Technology Limited ("**HK Fotoable**") is a private limited company organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its principal place of business in the Hong Kong Special Administrative Region of the People's Republic of China.  The Terms of Use for *Jackpotland*, available at https://bettagames.com/terms?lang=en, identify HK Fotoable as "Betta Games" and the party responsible for *Jackpotland*.  The United States Patent and Trademark Office identifies HK Fotoable as the owner of U.S. trademark registrations for BETTA GAMES and JACKPOTLAND.  Upon information and belief, HK Fotoable is a subsidiary of Beta Technology.

10.      Upon information and belief, Defendant Rein Technology Limited ("**Rein Technology**") is a private limited company organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its principal place of business in the Hong Kong Special Administrative Region of the People's Republic of China.  The Apple App Store identifies Rein Technology as the party responsible for *Jackpotland* and links to Betta Games' website.  Upon information and belief, Rein Technology is a subsidiary of Beta Technology.

11.      As alleged above, each of the named Defendants is directly linked to Betta Games, *Jackpotland*, and the advertisements at issue in this case and has been identified as having a role in the game's development, operation, distribution, promotion, and/or monetization.  While the exact corporate structure and ownership relationships among these entities remain unclear, public sources associate them with the "Betta Games" brand.  The Betta Games website (www.bettagames.com) and the Google Play Store both identify "Betta Games" as the party responsible for *Jackpotland*.  Based on this public-facing branding and each Defendant's role in the

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1   infringing activity, LNW alleges that these entities operate as a coordinated

2   enterprise doing business under the Betta Games name.

3       12.    LNW is currently unaware of the true names and capacities of certain

4   individuals and entities for the acts alleged in this Complaint and therefore sues as

5   DOES 1 through 25 under fictitious names.  LNW is informed and believes, and

6   thereon alleges, that one or more of the Doe Defendants participated in, facilitated,

7   directed, or otherwise contributed to the development, distribution, or promotion of

8   *Jackpotland*, the infringing advertisements, or the unauthorized use of LNW's

9   intellectual property.  These Doe Defendants may include individuals or entities

10  affiliated with, or independent of, the named Defendants.  LNW will amend this

11  Complaint to allege their true names and capacities when ascertained.

12      13.    LNW is informed and believes, and based thereon alleges, that at all

13  times mentioned herein, each of the Defendants, named and Doe, was the agent,

14  servant, employee, partner, affiliate,  representative, alter ego, successor, assign, or

15  co-conspirator of each of the other Defendants, and acted within the course and

16  scope of such relationship and/or with the express or implied authorization,

17  ratification, or approval of the others.  LNW is further informed and believes that

18  there exists, and at all relevant times existed, a unity of interest and ownership

19  among certain Defendants such that any individuality or separateness between them

20  has ceased to exist, and that adherence to the fiction of separate corporate existence

21  would sanction a fraud, promote injustice, and permit the abuse of the corporate

22  form.  LNW therefore alleges that certain Defendants are liable as alter egos of one

23  another.

## JURISDICTION AND VENUE

### A.    Subject Matter Jurisdiction

26      14.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §

27  1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §

28  101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

15.     The Court has supplemental jurisdiction over LNW's related state law claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

16.     The Court also has diversity pursuant to 28 U.S.C. § 1332(a), as Plaintiffs are citizens of the United States (Nevada companies), and all Defendants are foreign entities organized and headquartered in the People's Republic of China or the Hong Kong Special Administrative Region of the People's Republic of China. The matter in controversy exceeds $75,000, exclusive of interest and costs.

**B.    <u>Personal Jurisdiction</u>**

17.     The Court has personal jurisdiction over Defendants because they purposefully directed their unlawful conduct toward the United States—and specifically toward California—with knowledge that their conduct would cause harm to a U.S.-based company and infringe U.S. intellectual property rights.

18.     Defendants deliberately exploited LNW's copyrighted games and trademarked titles to promote their competing mobile apps, including *Jackpotland*, to U.S. consumers.  They purchased and deployed advertisements through Meta and TikTok, which are headquartered in California, and configured those ads to be served to users located in the United States, including in this District.

19.     Defendants also distributed their mobile apps through the Apple App Store and Google Play Store, both operated by companies headquartered in California and within this District.  They further monetized those apps by (a) processing in-app purchases through Apple and Google, who collect payments on their behalf and remit proceeds; and (b) serving in-app advertisements through U.S. and California-based ad networks.  Thus, the commercial exploitation of the infringing content occurred through U.S.-based infrastructure, with substantial conduct centered in California and this District.

Frankfurt Kurnit Klein+Selz pc

2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

20. Defendants have also obtained U.S. trademark registrations for BETTA GAMES and JACKPOTLAND, administered by U.S. counsel located in this District, further confirming their intent to engage in and benefit from U.S. commerce and consumer goodwill.

21. Defendants' acts have caused harm to a U.S.-based rightsholder, in the U.S. marketplace, and through U.S. channels of trade.

22. In addition to their substantial U.S.- and District-centered conduct, Defendants have expressly availed themselves of the courts of this District. The Terms of Use for *Jackpotland*, which reside on Betta Games' website, designate the state and federal courts located in this District as the exclusive venue for resolving disputes not subject to arbitration. This venue selection clause eliminates any conceivable doubt that Defendants knowingly and affirmatively consented to jurisdiction in this District for disputes relating to *Jackpotland*. Taken together with Defendants' extensive and targeted commercial activity in the United States and California, these facts firmly establish personal jurisdiction in this forum.

23. To the extent any Defendant is not subject to jurisdiction in the courts of any individual U.S. state, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2). Defendants are foreign entities who have directed substantial conduct toward the United States as a whole, and the exercise of jurisdiction by this Court is consistent with due process and federal law.

**C.    Venue**

24. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c). A substantial part of the events giving rise to LNW's claims occurred in this District. The infringing advertisements were purchased and distributed to users in this District; Defendants' mobile apps were offered for download and use by consumers in this District; and the monetization of those apps, including ad placement and in-app purchases, occurred through California-based platforms headquartered in this

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1    District.  Defendants also expressly consented to venue in this District through their

2    Terms of Use.

3        25.    Venue is also proper under 28 U.S.C. § 1400(a), which governs claims

4    for copyright infringement.  Each Defendant "may be found" in this District within

5    the meaning of Section 1400(a) because the Court has personal jurisdiction over

6    them based on their deliberate, targeted, and revenue-generating conduct directed

7    toward this forum, as detailed above.

8                        **INTRADISTRICT ASSIGNMENT**

9        26.    Pursuant to Civil Local Rule 3-2(c), this is an intellectual property

10   action that may be assigned to any division of this District.  However, assignment to

11   the San Francisco or Oakland Division is appropriate because a substantial part of

12   the events giving rise to the claims occurred in those divisions and because multiple

13   relevant companies and platforms involved, including Apple, Google, and Meta, are

14   headquartered here.

15                        **FACTUAL ALLEGATIONS**

16       27.    LNW is a global leader in gaming and entertainment, known for its

17   development of innovative casino games and free-to-play social casino games.  For

18   over 50 years, LNW has been at the forefront of the gaming industry, building some

19   of the most recognized slot titles in the world.

20       28.    LNW's success in physical casinos led to the expansion of its portfolio

21   into the mobile and online gaming space.  Today, LNW distributes some of the most

22   popular free-to-play mobile casino-style games available through the Apple App

23   Store and Google Play Store.

24       29.    Among its most well-known titles are *Huff N' Puff*, *Invaders from the*

25   *Planet Moolah*, *Ultimate Fire Link*, *Quick Hit,* and *Rich Little Piggies* (collectively,

26   the "**LNW Games**").

27

28

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

**A.    LNW'S Copyrights**

30.    LNW is the sole and exclusive owner of all rights in the audiovisual content, characters, and visual content associated with the LNW Games.

31.    LNW owns valid and subsisting U.S. copyright registrations covering the LNW Games infringed by Defendants.  A complete list of the relevant registrations is attached hereto as Schedule 1 and incorporated herein by reference.

32.    As LNW created new iterations of the games based on its copyrighted material, LNW registered additional works with the U.S. Copyright Office. Examples of copyright registration deposits for the LNW Games are as follows:

**Huff N' Puff Games**




Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

**Invaders from the Planet Moolah**



**Rich Little Piggies**



Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P. (310) 579-9600

**B.      LNW'S Trademarks**

33.     LNW is the owner of numerous trademarks used in connection with the LNW Games (collectively, the "**LNW Marks**").

34.     LNW has used the LNW Marks in interstate commerce for many years in connection with the marketing, promotion, and sale of its casino and social gaming products.  LNW prominently displays the LNW Marks in its games, advertising, promotional materials, and customer-facing platforms, including physical casino terminals and mobile app stores.

35.     As a result of this long-standing, continuous, and exclusive use, the LNW Marks have developed substantial goodwill and acquired secondary meaning among consumers, who associate the marks with LNW's high-quality games and innovative gaming experiences.  Consumers widely recognize and rely upon the LNW Marks to identify LNW as the source of the associated games.

36.     In addition to common law trademark rights, LNW owns numerous U.S. trademark registrations for the LNW Marks.  A list of these registrations is attached hereto as Schedule 2 and incorporated herein by reference.

37.     Several of the registrations are incontestable under 15 U.S.C. § 1065 and therefore constitute conclusive evidence of the validity of the registered marks, LNW's ownership of those marks, and LNW's exclusive right to use them in commerce in connection with the identified goods and services.

38.     LNW uses and promotes the LNW Marks on a nationwide basis through various media, including online, in-app, and retail advertising, and across LNW's physical and digital gaming platforms.  LNW invests substantial time, effort, and resources in maintaining and strengthening the value of its marks.

**C.      Defendants' Unlawful Conduct**

39.     Upon information and belief, Betta Games operates a portfolio of mobile gaming applications that collectively generate substantial revenue.  In 2021, Betta Games reportedly sold its Golf Rival studio for approximately $525 million,

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1   underscoring the company's commercial success and sophistication.  Defendants'

2   calculated decision to misappropriate LNW's copyrighted works and trademarks

3   was not a mistake, but a strategic attempt to gain an unfair competitive advantage at

4   LNW's expense.

5       40.     One of Defendants' key mobile games is *Jackpotland*, which

6   Defendants distribute through the Apple App Store and Google Play Store.  As

7   alleged above, each named Defendant is directly involved in developing, marketing,

8   and monetizing *Jackpotland* as part of the Betta Games enterprise.

9       41.     To drive user acquisition, Defendants launched a massive and ongoing

10  digital ad campaign that includes more than 1,500 ads disseminated across social

11  media platforms, including Meta and TikTok.  Many of these ads lifted LNW's

12  original animations, characters, gameplay sequences, user interface elements, and

13  game titles, and repurposed them to promote *Jackpotland*.  The visual evidence

14  speaks for itself:

**Example 1: Screenshots of *Jackpotland* Ads based on *Huff N' Puff***

  

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1

2

**Example 2: Screenshots of *Jackpotland* Ads based on *Invaders from the Planet Moolah***

 

**Example 3: Screenshots of *Jackpotland* Ads based on *Rich Little Piggies***



Frankfurt Kurnit Klein+Selz ᵖᶜ
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

42.    These unauthorized copies mimic LNW's games so closely that they create a false impression that *Jackpotland* is a LNW product.  Defendants make prominent use of LNW's registered trademarks.  Many ads display LNW's stylized marks and branding—sometimes verbatim—within the ad content itself.  Defendants positioned these to falsely imply that *Jackpotland* is a legitimate LNW release, or at least affiliated with or endorsed by LNW.  The use of these marks was neither incidental nor obscure; it was central to the deception.  The visual evidence again speaks for itself:

**Example 4: *Quick Hit***

| LNW Trademark | Use in *Jackpotland* Ad |
|---|---|
|  |  |

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P. (310) 579-9600

Example 5: *Cats Hats & More Bats*

| LNW Trademark[2] | Use in *Jackpotland* Ad |
|---|---|
|  |  |

43.    The above are just examples of the many infringing ads and infringed LNW titles identified to date.  Upon information and belief, Defendants infringed other LNW Games that will be identified in discovery.

44.    Even when Defendants did not directly use LNW's registered trademarks, Defendants infringed LNW's games through prominent use of LNW's characters, which function as source-identifying trademarks for LNW Games.

_____

[2] The registered trademark for Cats, Hats & More Bats is a word mark.  The example above shows the use of the mark in the LNW Game.

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

45.    Defendants intentionally designed these ads to mislead.  Users who were expecting to download one of LNW's popular titles were diverted instead to *Jackpotland*.  Defendants banked on consumer confusion and succeeded in inducing downloads through their false association with LNW.

46.    Meta's Ad Library and other public ad transparency tools confirm the massive scale and reach of Defendants' ongoing campaign.  For years, Defendants have run hundreds of ad variations, frequently rotating in new content that exploits LNW's intellectual property.  Many of these ads remain live today.

47.    Defendants engaged in this campaign willfully and with knowledge of LNW's intellectual property rights in order to exploit LNW's brand recognition and consumer goodwill to drive traffic to their own app.

48.    After tricking consumers into installing *Jackpotland*, Defendants monetize the app through in-app purchases processed by Apple and Google, and by serving advertisements through U.S.-based ad networks.  Upon information and belief, Defendants have generated many millions of dollars in revenue through their deceptive and infringing advertising scheme.

49.    LNW has never authorized Defendants to use its copyrighted works, trademarks, or trade dress in connection with *Jackpotland* or any of Defendants' marketing or promotional campaigns.

50.    Defendants' conduct has caused actual consumer confusion, impaired the distinctiveness of LNW's brand, and diverted valuable business opportunities. Defendants have damaged LNW's reputation, diluted the value of LNW's intellectual property, and undermined the trust LNW has built with consumers and partners over decades.

51.    Defendants' unlawful campaign continues.  Unless enjoined, they will persist in exploiting LNW's creative assets and misleading the public.  LNW now brings this action to stop the ongoing harm, hold Defendants accountable, and recover the damages and unjust profits to which it is entitled.

**CAUSES OF ACTION**

**COUNT I**

**COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 501)**

52.    LNW repeats and realleges the foregoing paragraphs as if fully set forth herein.

53.    LNW owns the exclusive rights under copyright in and to the LNW Games and their associated creative content, including but not limited to audiovisual elements, characters, animations, and interface design.

54.    LNW owns valid and subsisting United States copyright registrations covering these works, as listed in Schedule 1, which is incorporated by reference.

55.    Without authorization, Defendants reproduced, distributed, publicly displayed, publicly performed, and/or prepared derivative works based upon LNW's copyrighted content and used them in digital advertisements disseminated via platforms including Meta and TikTok.  These ads include substantial portions of LNW's protected works, copied either verbatim or in near-identical form, and were used to promote Defendants' competing mobile app, *Jackpotland*.

56.    Defendants did not have a license or legal right to use LNW's copyrighted content.

57.    Upon information and belief, Defendants' conduct was knowing, willful, and undertaken with full awareness of LNW's rights.

58.    Pursuant to 17 U.S.C. § 501 *et seq.*, as a result of Defendants' willful and ongoing infringement of LNW's copyrights, LNW is entitled to injunctive relief, impoundment, damages and profits, and costs and attorney's fees.

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

**COUNT II**

**TRADEMARK INFRINGEMENT AND COUNTERFEITING**

**(15 U.S.C. §§ 1114, 1116, 1117)**

59.     LNW repeats and realleges the foregoing paragraphs as if fully set forth herein.

60.     LNW owns valid and protectable registered trademarks, including the registrations listed in Schedule 2 hereto and incorporated by reference.

61.     The LNW Marks are widely recognized in the gaming industry and among consumers as indicating source, quality, and brand identity.  LNW has continuously used the LNW Marks in interstate commerce in connection with its physical and digital free-to-play casino games, marketing, and distribution channels.

62.     Defendants, without LNW's consent, used identical or virtually identical reproductions of the LNW Marks in connection with the advertising and promotion of their own mobile casino app, *Jackpotland*.  These marks appeared in the course of commerce and were used to promote downloadable goods in the same class as those for which LNW's marks are registered.

63.     Defendants' use of the LNW Marks was central to the design of deceptive ads that misappropriated LNW's property to create the false appearance that *Jackpotland* was developed, licensed, or approved by LNW.

64.     Defendants' conduct constitutes trademark counterfeiting under 15 U.S.C. § 1116(d) and § 1117(b) and (c), because they used spurious marks that are identical with, or substantially indistinguishable from, LNW's registered marks in connection with the same goods and services covered by those registrations.

65.     This unauthorized use is likely to cause confusion, mistake, or deception among consumers regarding the affiliation, sponsorship, or approval of *Jackpotland*.  The likelihood of confusion is exacerbated by Defendants' use of identical marks and visual assets, their placement in ad content designed to mimic LNW's promotional style, and the overlap in marketing platforms and audience.

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

66.    Indeed, upon information and belief, actual consumer confusion has occurred.  Users have downloaded *Jackpotland* believing it to be an official LNW product or to offer LNW Games.

67.    Defendants' actions were willful and in bad faith.  As a sophisticated mobile game publisher with a history of high-value commercial transactions, Betta Games knew or should have known that its use of LNW's marks in this manner was unlawful.

68.    Defendants' conduct has caused, and will continue to cause, irreparable injury to LNW's brand, reputation, and goodwill. LNW is entitled to injunctive relief prohibiting further infringement, as well as to recover damages, including treble damages, statutory damages for counterfeiting, and attorneys' fees and costs as permitted by 15 U.S.C. §§ 1116, 1117.

**COUNT III**

**FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**

**(15 U.S.C. § 1125(a))**

69.    LNW repeats and realleges the foregoing paragraphs as if fully set forth herein.

70.    LNW is the owner of all right and title to the characters and distinctive trade dress for the LNW Games.  The characters and trade dress of the LNW Games have acquired secondary meaning, identifying LNW as the source of the products, and is not functional.

71.    Defendants have used in commerce, without LNW's authorization, the LNW Marks and trade dress, as well as other distinctive elements from LNW's games, including characters, logos, titles, and gameplay footage, in advertising and promoting their own mobile game, *Jackpotland*.  Defendants' conduct constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), including both (1) false designation of origin under § 1125(a)(1)(A) and (2) false or misleading advertising under § 1125(a)(1)(B).

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1

**A.     False Designation of Origin – § 1125(a)(1)(A)**

2     72.     By incorporating LNW's marks, characters, trade dress, and other

3     source-identifying content into their advertisements, Defendants have

4     misrepresented the origin, sponsorship, or approval of *Jackpotland*, falsely

5     suggesting it is affiliated with, endorsed by, or originates from LNW.

6     73.     Defendants' conduct is likely to cause confusion, mistake, or deception

7     as to the source of *Jackpotland*, or as to its affiliation, connection, or association

8     with LNW.  Consumers viewing these ads reasonably believe that *Jackpotland* is

9     one of LNW's products or that it is sponsored or authorized by LNW.

10     74.     Defendants' acts constitute false designation of origin and unfair

11     competition in violation of 15 U.S.C. § 1125(a)(1)(A).

12     **B.     False Advertising – § 1125(a)(1)(B)**

13     75.     In addition, Defendants have made false and misleading statements of

14     fact in commercial advertising and promotion, including visual and textual content

15     in ads that depict LNW's games while promoting *Jackpotland*.

16     76.     These ads are literally false or, at a minimum, misleading in context

17     and likely to deceive consumers into believing they will be downloading and

18     playing LNW's games when in fact they are installing *Jackpotland*, an unaffiliated

19     app.

20     77.     Upon information and belief, Defendants disseminated these ads to

21     influence consumer purchasing decisions and drive downloads and in-app

22     purchases, constituting commercial advertising or promotion within the meaning of

23     the Lanham Act.

24     78.     LNW has been and will continue to be injured as a result of

25     Defendants' false advertising and misrepresentations, including through diverted

26     sales, dilution of brand identity, and lost licensing and business opportunities.

27     79.     Defendants' conduct has caused and will continue to cause irreparable

28     harm to LNW, its brand, and its reputation, unless enjoined.  LNW is entitled to

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P:(310) 579-9600

1    injunctive relief and to recover damages, including Defendants' profits, actual

2    damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

### COUNT IV

### UNFAIR COMPETITION

### (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

6    80.    LNW repeats and realleges the foregoing paragraphs as if fully set forth

7    herein.

8    81.    Defendants have engaged in unlawful, unfair, and fraudulent business

9    acts and practices within the meaning of California Business and Professions Code

10   §§ 17200, *et seq.*  The conduct described above constitutes unlawful business

11   practices by violating, among other laws, the Copyright Act (17 U.S.C. § 501 et

12   seq.), the Lanham Act (15 U.S.C. § 1114 and § 1125(a)), and California's False

13   Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.).

14   82.    Defendants' acts and omissions as alleged herein also constitute unfair

15   business practices because they offend established public policy, are immoral,

16   unethical, oppressive, and unscrupulous, and cause injury to consumers and

17   competitors alike, including LNW.

18   83.    As a direct and proximate result of Defendants' unfair competition,

19   Defendants have been unjustly enriched at LNW's expense.  The amount of such

20   unjust enrichment shall be determined according to proof at trial.

21   84.    As a further direct and proximate result of Defendants' conduct, LNW

22   has suffered and will continue to suffer irreparable harm, including lost goodwill,

23   reputational injury, and diversion of business opportunities, unless enjoined. LNW

24   has no adequate remedy at law and therefore seeks preliminary and permanent

25   injunctive relief to prevent further violations of the UCL.

26   85.    Pursuant to California Civil Code § 3294, LNW is entitled to an award

27   of punitive and exemplary damages.  Defendants' acts were fraudulent, malicious,

28   and oppressive.  Defendants knowingly and deliberately misappropriated LNW's

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

copyrighted game content and trademarked brand assets in a calculated effort to deceive consumers and unfairly compete in the marketplace.  Their conduct constitutes *malice* because it was despicable and carried out with willful and conscious disregard of LNW's rights; *oppression* because it subjected LNW to unjust hardship through repeated and sustained exploitation of its intellectual property and goodwill; and *fraud* because Defendants intentionally misrepresented the source and sponsorship of *Jackpotland* through false and deceptive advertising.  These actions were undertaken by a sophisticated commercial enterprise that fully understood the legal and reputational harm its scheme would cause.  An award of punitive damages is necessary to punish Defendants and deter similar misconduct.

## COUNT V

## FALSE ADVERTISING

### (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

86.    LNW repeats and realleges the foregoing paragraphs as if fully set forth herein.

87.    California Business & Professions Code § 17500 makes it unlawful for any person or entity to make or disseminate, in any advertising medium, any statement that is false or misleading, or which the person knew or should have known was false or misleading, with the intent to induce the public to purchase products or services.

88.    Defendants have violated § 17500 by creating, disseminating, and causing to be disseminated advertisements that misrepresent the origin, sponsorship, and nature of their mobile app, *Jackpotland*.  These advertisements falsely suggest that *Jackpotland* is affiliated with, authorized by, or derived from the LNW Games.

89.    Defendants' ads, placed across platforms such as Meta and TikTok, prominently feature LNW's copyrighted game content and trademarks, creating a false impression that *Jackpotland* is an official LNW product.  These ads are likely

Frankfurt Kurnit Klein+Selz PC

2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

1   to deceive, and have in fact deceived, a substantial segment of the consuming

2   public.

3       90.    Defendants knew or should have known that their advertisements were

4   false and misleading, and intended to mislead consumers to download and spend

5   money on *Jackpotland* based on the false belief that it was developed, endorsed, or

6   associated with LNW.

7       91.    As a direct and proximate result of Defendants' false advertising, LNW

8   has suffered and will continue to suffer economic harm, including lost goodwill, lost

9   business opportunities, and dilution of its intellectual property.

10      92.    Unless restrained by this Court, Defendants will continue to engage in

11  false and misleading advertising in violation of California law.  LNW has no

12  adequate remedy at law and seeks preliminary and permanent injunctive relief, as

13  well as restitution and/or disgorgement of all profits wrongfully obtained as a result

14  of Defendants' unlawful advertising.

15      93.    LNW is also entitled to punitive and exemplary damages under

16  California Civil Code § 3294.  Defendants' false and misleading advertisements

17  were not mere negligence or mistake, but the product of deliberate fraud, carried out

18  by a sophisticated entity with full knowledge of LNW's intellectual property rights.

19  Defendants intentionally created and disseminated ads that featured LNW's

20  protected game content and trademarks to mislead consumers into downloading and

21  spending money on *Jackpotland*.  This conduct was *fraudulent* because it involved

22  intentional deception designed to cause consumer reliance and harm to LNW;

23  *malicious* because Defendants acted with conscious disregard for LNW's rights in

24  pursuit of their own profit; and *oppressive* because their sustained scheme inflicted

25  unjust hardship on LNW by diverting customers, damaging brand integrity, and

26  undermining the trust LNW has built with the public.  Punitive damages are

27  warranted to punish this misconduct and deter similar future violations.

28

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

# COUNT VI

## IMPOSITION OF CONSTRUCTIVE TRUST

94.    LNW repeats and realleges the foregoing paragraphs as if fully set forth herein.

95.    Defendants' unauthorized use of LNW's copyrighted works and trademarks in connection with their advertising and promotion of *Jackpotland* constitutes unlawful, deceptive, and wrongful conduct.

96.    As a result of this conduct, Defendants have knowingly obtained substantial revenue and profits that were generated through the exploitation of LNW's intellectual property and goodwill, and which rightfully belong to LNW.

97.    Upon information and belief, these ill-gotten gains are collected through identifiable third-party payment and ad service providers, including Apple, Google, and AppLovin, among others.  These funds are traceable prior to their transmission to Defendants.

98.    Accordingly, Defendants hold the funds obtained through their wrongful conduct in constructive trust for the benefit of LNW and should be required to disgorge such profits and revenues.

# COUNT VII

## ACCOUNTING

99.    LNW repeats and realleges the foregoing paragraphs as if fully set forth herein.

100.    Defendants have received and retained profits, revenues, and other benefits derived from their unlawful and wrongful conduct, including but not limited to the unauthorized use of LNW's copyrighted works and trademarks.

101.    The precise amount of money or other benefits received by Defendants is unknown to LNW and cannot be ascertained without an accounting of Defendants' financial records, which are within Defendants' exclusive possession and control.

102. LNW is entitled to an equitable accounting of all monies received by Defendants as a result of their unlawful acts, including without limitation profits derived from the development, advertising, and monetization of the *Jackpotland* app, as well as any other revenues traceable to their use of LNW's intellectual property and false and deceptive advertising.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and award the following relief:

1. On **Count I (Copyright Infringement – 17 U.S.C. § 501)**:

   (a) I**njunctive relief** pursuant to 17 U.S.C. § 502, enjoining Defendants from further infringement of Plaintiffs' copyrighted works;

   (b) **Impoundment and destruction** of all infringing materials under 17 U.S.C. § 503, including advertisements and other content incorporating Plaintiffs' works;

   (c) **Damages** under 17 U.S.C. § 504, including: (i) Plaintiffs' actual damages and Defendants' profits attributable to the infringement; or (ii) statutory damages up to $150,000 per infringed work for willful infringement;

   (d) Attorneys' fees and costs pursuant to 17 U.S.C. § 505;

2. On **Count II (Trademark Infringement and Counterfeiting – 15 U.S.C. §§ 1114, 1116, 1117)**:

   (a) **Injunctive relief** pursuant to 15 U.S.C. § 1116, prohibiting further use of Plaintiffs' registered marks or confusingly similar marks;

   (b) **Damages** under 15 U.S.C. § 1117(a), including (i) actual damages sustained by Plaintiffs; and (ii) profits earned by Defendants from their infringing conduct;

   (c) **Treble damages** for willful infringement under 15 U.S.C. § 1117(b);

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P. (310) 579-9600

(d)    In the alternative, **statutory damages** up to $2,000,000 per counterfeit mark under 15 U.S.C. § 1117(c);

(e)    Attorneys' fees and costs under 15 U.S.C. § 1117(a) and (b);

3.    On **Count III (False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**):

(a)    Injunctive relief pursuant to 15 U.S.C. § 1116 to prevent ongoing false or misleading advertising and misrepresentation of affiliation;

(b)    Actual damages and/or Defendants' profits under 15 U.S.C. § 1117(a);

(c)    Attorneys' fees and costs under 15 U.S.C. § 1117(a);

4.    On **Count IV (California Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq.***):

(a)    **Restitution** of profits wrongfully obtained through unlawful, unfair, and fraudulent business acts;

(b)    **Injunctive relief** to prevent continued violations of California law;

(c)    **Punitive damages** under Cal. Civ. Code § 3294 for conduct that was fraudulent, malicious, and oppressive;

(d)    **Attorneys' fees and costs** as permitted under California law;

5.    On **Count V (California False Advertising – Cal. Bus. & Prof. Code § 17500 *et seq.***):

(a)    **Restitution** of gains wrongfully obtained from false and misleading advertisements;

(b)    **Injunctive relief** to enjoin continued dissemination of false or misleading statements;

(c)    **Punitive damages** under Cal. Civ. Code § 3294 for willful and fraudulent misrepresentation;

(d)    **Attorneys' fees and costs** as permitted under California law;

1

6.      On **Count VI (Constructive Trust)**:

2

(a)      Imposition of a **constructive trust** over all funds, profits, and

3

assets traceable to Defendants' unlawful use of Plaintiffs' intellectual

4

property;

5

7.      On **Count VII (Accounting)**:

6

(a)      An order requiring a full accounting of all revenues, profits, and

7

benefits derived from Defendants' infringing and deceptive conduct;

8

8.      **Other Relief**:

9

(a)      Pre-judgment and post-judgment interest as permitted by law;

10

(b)      Such other and further relief as the Court deems just and proper.

11

**DEMAND FOR JURY TRIAL**

12

Plaintiff hereby demands trial by jury on all claims and issues so triable.

13

14

15

DATED:  July 11, 2025                    FRANKFURT KURNIT KLEIN + SELZ PC

16

17

18

By:   */s/ Jeremy S. Goldman*

19

Jeremy S. Goldman
Camilla Y. Chan

20

Attorneys for Plaintiff
LIGHT & WONDER, INC.

21

22

23

24

25

26

27

28

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

**SCHEDULE 1**
**COPYRIGHT REGISTRATIONS**

| Title of Work | Registration No. | Registration Date |
|---|---|---|
| Cats, Hats & More Bats | VA 2-097-096 | October 9, 2017 |
| Superlock Jackpot – Cats Hats & More Bats | VA 2-443-447 | April 24, 2024 |
| Huff N' Even More Puff | PA 2-507-174 | October 28, 2024 |
| Huff N' Even More Puff – GRAND | PA 2-507-782 | November 1, 2024 |
| Huff N' More Puff | VA 2-284-317 | December 17, 2021 |
| Huff N' Puff | VA 2-141-539 | November 29, 2018 |
| Huff N' Puff Power 4 | PA 2-507-175 | October 29, 2024 |
| Huff N' Puff Big Money Edition | PA 2-507-535 | October 29, 2024 |
| Huff N' Puff Money Mansion | PA 2-507-175 | October 28, 2024 |
| Huff N' Puff Xtra Puff | PA 2-507-539 | October 29, 2024 |
| Invaders from the Planet Moolah | VA 1-762-215 | February 14, 2011 |
| Invaders More Moolah | VA 1-984-834 | December 22, 2015 |
| Invaders Attack Again from the Planet Moolah | PA 2-507-541 | October 29, 2024 |
| Invaders Attack from the Planet Moolah | VA 2-186-341 | September 11, 2019 |
| Quick Hit | VA 0001957393 | June 5, 2015 |
| Rich Little Piggies | VA 0001639613 | March 26, 2008 |
| Rich Little Piggies Meal Ticket | PA 2-475-411 | May 3, 2024 |
| Ultimate Fire Link | VA 2-045-097 | November 2, 2016 |

Frankfurt Kurnit Klein + Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600

SCHEDULE 2

## TRADEMARK REGISTRATIONS

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| Cats, Hats & More Bats | 5,397,103 | February 6, 2018 | Class 9 (Computer software and firmware); Class 28 (Gaming machines) |
| Huff N' More Puff | 7,708,365 | February 25, 2025 | Class 41 (Entertainment services – casino type computer games) |
| Invaders from the Planet Moolah | 3,428,511 | May 13, 2008 | Class 9 (Gaming machines) |
| Quick Hit | 5,421,726 | March 13, 2018 | Class 9 (Computer software); Class 28 (Gaming machines); Class 41 (Entertainment services) |
| Quick Hit | 4,888,970 | January 19, 2016 | Class 28 (Slot machines) |
| Quick Hit (Logo) | 4,991,459 | July 5, 2016 | Class 28 (Slot machines) |
| Rich Little Piggies | 7,545,865 | October 22, 2024 | Class 41 (Entertainment services – casino type computer games) |
| Rich Little Piggies | 2,849,375 | June 1, 2004 | Class 9 (Slot machines) |
| Ultimate Fire Link | 7,673,372 | January 28, 2025 | Class 41 (Entertainment services – casino type computer games) |
| Ultimate Fire Link | 5,347,504 | November 28. 2017 | Class 9 (Computer software); Class 28 (Gaming machines) |

Frankfurt Kurnit Klein+Selz PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
P (310) 579-9600