UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIGHT & WONDER INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BEIJING BETA TECHNOLOGY CO., LTD., et al.,<br><br>        Defendants. | Case No. 25-cv-05821-PCP (VKD)<br><br>**ORDER RE PLAINTIFFS' EX PARTE APPLICATION FOR PERMISSION TO SERVE EXPEDITED THIRD PARTY DISCOVERY**<br><br>Re: Dkt. No. 15 |

On August 5, 2025, plaintiffs Light & Wonder, Inc. and SciPlay Games, LLC (collectively, "LNW") applied *ex parte* for an order permitting LNW to serve document subpoenas on 10 non-parties[1] before the parties have completed the initial conference required by Rule 26(f) of the Federal Rules of Civil Procedure. Dkt. No. 15. Although LNW filed its application on an *ex parte* basis, LNW and two of the three named defendants, Hong Kong Fotoable Technology Limited ("HKF") and Rein Technology Limited ("Rein"), later stipulated to a briefing schedule for HKF's and Rein's response to the application and LNW's reply. *See* Dkt. Nos. 27, 28. On August 29, 2025, HKF and Rein filed an opposition to the application, to which LNW replied. Dkt. Nos. 31, 33. The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court denies LNW's application for expedited discovery of non-parties. All parties who have appeared in the action shall confer on or before September 18, 2025—the last day to conduct a Rule 26(f) conference—regarding the discovery

---

[1] Google, LLC; Apple, Inc.; Meta Platforms, Inc.; Ironsource USA, Inc.; AppLovin Corporation; Appsflyer, Inc.; Chartboost, Inc.; TapJoy, Inc.; TikTok, Inc.; and Unity Software, Inc.

LNW seeks from non-parties, and LNW may thereafter commence discovery in accordance with the Federal Rules of Civil Procedure and applicable law, unless the Court orders otherwise.

I.   **BACKGROUND**

LNW sues defendants HKF, Rein, and Beijing Beta Technology Co., Ltd. ("Beijing Beta") for copyright infringement, trademark infringement, and unfair competition, in connection with defendants' promotion of mobile games collectively referred to as *Jackpotland*. Dkt. No. 1. HKF and Rein have been served and have appeared in the action. Dkt. Nos. 22-25. HKF and Rein are wholly-owned subsidiaries of "Beijing Beta Technology Limited," sued herein as defendant Beijing Beta. Dkt. No. 31 at 2 n.1. Beijing Beta has not been served and has not appeared in the action.

LNW does not attach its proposed document subpoenas to its application. However, it represents that it intends to request the following "general categories" of information from each non-party:

(1) Agreements relating to *Jackpotland* and/or any Defendant

(2) Documents that would disclose the identity or contact information of individuals or entities associated with *Jackpotland*

(3) Documents relating to payments associated with *Jackpotland* advertisements and revenue earned from the game, including information relating to bank accounts and financial institutions that received funds

(4) Documents and communications relating to advertisements for *Jackpotland*, including identities of individuals or entities who placed or created the advertisements, the content of the advertisements, as well as information relating to targeting, monetization, click-through rates, conversions, campaign spends, and strategies

(5) Documents and communications relating to the *Jackpotland* app, including changes to the content of the app, consumer complaints and reviews

(6) All documents and communications relating to *Jackpotland*

Dkt. No. 15 at 7.

II.   **DISCUSSION**

Pursuant to Rule 26(d), a party "may not seek discovery from any source" prior to the conference required by Rule 26(f), which must take place at least 21 days before the initial case

2

1  management conference. Fed. R. Civ. P. 26(d), (f). Courts in the Ninth Circuit generally require
2  that the party seeking discovery in advance of the Rule 26(f) conference show "good cause" for
3  such discovery. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2011 WL
4  1938154, at *1 (N.D. Cal. May 18, 2011); *Megaupload, Ltd. v. Universal Music Grp., Inc.*, No.
5  11-cv-6216-CW (JSC), 2012 WL 243687, at *2 (N.D. Cal. Jan. 25, 2012); *Semitool, Inc. v. Tokyo*
6  *Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the
7  need for expedited discovery, in consideration of the administration of justice, outweighs the
8  prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. Courts must consider the
9  entirety of the record and whether, in the circumstances presented, expedited discovery is
10 reasonable. *Megaupload*, 2012 WL 243687, at *2. In making this determination, courts
11 commonly consider the following factors: (1) whether a preliminary injunction or other request for
12 emergency relief is pending; (2) the breadth of the discovery requested; (3) the purpose for
13 requesting the expedited discovery; (4) the burden on the responding parties to comply with the
14 requests; and (5) how far in advance of the typical discovery process the request was made. *See*
15 *id.*
16      Here, LNW explains that it "is not seeking expedited discovery to preserve evidence or
17 prevent ongoing infringement." Dkt. No. 33 at 2. Rather, LNW seeks "financial and account-
18 level data from third parties to assess whether asset transfers outside the Court's reach are
19 occurring." *Id.* LNW argues that expedited discovery is necessary because defendants are foreign
20 entities and "appear to be structured to obfuscate ownership and financial accountability." *Id.*
21      HKF and Rein respond that there is no justification for expedited discovery of non-parties.
22 They observe that no defendant has attempted to "obfuscate" its identity, ownership, or service
23 address, as HKF and Rein have both been successfully served and have appeared in the action and
24 LNW has also identified defendant Beijing Beta, the corporate parent. Dkt. No. 31 at 7. Counsel
25 for HKF and Rein represents that all three defendants, including Beijing Beta, have implemented a
26 litigation hold in order to preserve relevant evidence, and in the meantime, defendants have also
27 removed the challenged advertisements in an effort mitigate potential damages. *Id.* at 2, 5.
28 Additionally, HKF and Rein argue that LNW offers no non-speculative basis from which the

3

Court may infer that any defendant has assets in the United States which are being transferred or dissipated. *Id.* at 9. Finally, HKF and Rein contend that the discovery LNW intends to seek from non-parties is very broad and would likely implicate defendants' interests, including their interests in protecting confidential business information. *Id.* at 10.

LNW has not shown good cause for expedited discovery of non-parties for several reasons.

*First*, as LNW concedes, it has not made any request for emergency or provisional relief, such as a motion to freeze assets. Moreover, LNW's application provides no basis for the Court to conclude that any defendant has assets in the United States that are at risk of transfer or dissipation. At best, LNW asserts that some of the non-parties from whom it proposes to obtain discovery are likely to have information that will "permit LNW to determine *whether* assets located in the United States . . . are being dissipated and *whether* LNW will need to seek interim relief, such as an asset freeze." Dkt. No. 15 at 8 (emphasis added). The Court is not prepared to assume that merely because defendants are foreign entities they will undertake efforts to defeat LNW's ability to recover its alleged damages.

*Second*, as LNW also concedes, its proposed discovery of non-parties is "comprehensive." *Id.* at 7. Because LNW did not provide copies of its proposed subpoenas or its proposed document requests, the Court considers the "general categories" listed in LNW's application. The scope of this proposed discovery is very broad and much of it is untethered to LNW's purported justification for seeking non-party discovery on an expedited basis. For example, it is not clear why LNW requires discovery of "documents and communications relating to the *Jackpotland* app, including . . . consumer complaints and reviews," *see id.*, if its goal is to determine whether defendants are dissipating their U.S. assets. In short, LNW seeks broad discovery of non-parties and its proposed document requests do not align with its purported purpose for seeking expedited discovery in the first instance. The Court agrees with Judge Corley's observation in *Megaupload* that "efficiency" is an insufficient justification for expedited discovery. *See Megaupload*, 2012 WL 243687, at *3.

*Third*, the Court notes that LNW does not argue that it requires discovery of non-parties in order to identify, or obtain service information for, Beijing Beta, the only defendant that it has not

4

already served. While LNW initially argued that defendants have "structured their organization to avoid detection," *see* Dkt. No. 15 at 10, that contention is not supported; indeed, it is contradicted by other evidence in the record, including HKF's and Rein's corporate disclosure statements. *See* Dkt. Nos. 29, 30. Although LNW suggests that unknown others may be involved in the alleged infringement and unfair competition, it does not adequately explain why it requires discovery from non-parties on an expedited basis in order to identify additional defendants.

*Fourth*, because LNW has not provided copies of its proposed subpoenas, the Court cannot accurately assess how burdensome each subpoena might be for any non-party or for any defendant whose interests might be implicated by such a subpoena. Nevertheless, courts in this Circuit have long taken care to protect non-parties from bearing the burden of discovery properly borne by parties to a litigation. *See United States v. CBS, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). LNW has not shown that the expedited discovery it seeks is unavailable from at least HKF and/or Rein, the two defendants who have already appeared in the action, and the Court is reluctant to authorize "comprehensive" expedited discovery of non-parties without such a showing.

*Fifth*, as LNW acknowledges, it need only wait until, at the latest, September 18, 2025—the deadline for the parties to conduct their Rule 26(f) conference—before commencing discovery. *See* Dkt. No. 33 at 2; Dkt. No. 8. LNW argues that it is simply asking for "a short head start on third-party discovery." Dkt. No. 33 at 3. While in some circumstances asking for discovery that is only slightly in advance of the usual timing might favor granting the application, the Court finds no good cause for the "head start" LNW seeks. Rather, LNW's efforts to obtain discovery from non-parties would benefit from engaging first in the candid discussion with HKF and Rein of the discovery plan that Rule 26 contemplates. *See* Fed. R. Civ. P. 26(f)(3). In particular, the parties should discuss what discovery is available from defendants who have appeared, and what

5

discovery can only be obtained from non-parties.

### III. CONCLUSION

The Court denies plaintiffs' application for expedited discovery of non-parties. All parties who have appeared in the action shall confer on or before September 18, 2025 regarding the discovery LNW seeks from non-parties, and LNW may thereafter commence discovery in accordance with the Federal Rules of Civil Procedure and applicable law, unless the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: September 11, 2025

Virginia K. DeMarchi
United States Magistrate Judge